IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-00449-RPM-CBS

SCHMETTER & ASSOCIATES, LLC, a Colorado limited liability company,

    Plaintiff,

v.

BERNZOTT CAPITAL ADVISORS CORPORATION
d/b/a BERNZOTT CAPITAL ADVISORS, a California corporation, and
KEVIN BERNZOTT, an individual,

    Defendants.

## STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

Plaintiff, Schmetter & Associates, LLC, and Defendants, Bernzott Capital Advisors Corporation and Kevin Bernzott (collectively, the "Parties") stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefore, state as follows:

    1.    In this action, the Parties are seeking and/or will likely seek Confidential Information (as defined in paragraph 2 below). The Parties anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties also anticipate that certain of their confidential business and other records, as well as those of non-parties, may be produced in discovery in the above-captioned action and that such confidential records must be protected from further disclosure. The Parties assert that the disclosure of that information outside the

scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. To expedite the flow of discovery material and the litigation of this case, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, it is, by agreement of the Parties, to stipulate to the entry of this Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. "Confidential Information" means information which, if disclosed, might give an unfair competitive or business advantage to another person or entity, create a substantial risk of injury to the designating Party or non-party, or which constitutes, contains or reflects confidential business, research, development, commercial, trade secret, or other sensitive proprietary information, or financial or personal information.

3. The designation of a document as Confidential Information is a certification by an attorney for the designating party (or a party appearing *pro se*) that the designating party has reviewed the information and believes, in good faith, that the document contains Confidential Information as defined in this Protective Order.

4. As used in this Protective Order, "document" and "electronically stored information" shall mean and refer to any writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations–stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding Party into a reasonably usable form.

5. Where Confidential Information is produced, provided, or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

a. By imprinting the word "Confidential" on each page of any document produced;

b. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential";

c. By imprinting the word "Confidential" next to or above any response to a discovery request; and

d. With respect to transcribed testimony, by giving written notice to opposing counsel designating the portions as "Confidential" no later than ten (10) calendar days after receipt of the transcribed testimony.

6.   All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever; and

b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case.

7.   The inadvertent production by any of the undersigned Parties to the proceedings of any Document, Testimony, or information in this proceeding without a "Confidential" designation, shall be without prejudice to any claim that the item is "Confidential," and the producing Party shall not be held to have waived any rights by the inadvertent production. In the event that any Document, Testimony or information is inadvertently produced without the "Confidential" designation, the Party that inadvertently produced the document shall give

3

written notice to the other Party promptly upon learning of the failure to include the designation, and shall provide replacement copies of the item(s) with the proper designation. The receiving Party shall return or destroy the undesignated item(s).

8. Except with prior written consent from the producing party, their outside counsel of record, or the Court, Confidential Information may not be disclosed to any person other than the following:

a. The United States District Court for the District of Colorado and any court having jurisdiction of any appeal of this case, as well as the Court's staff and employees of the Clerk of the Court as directed by the Clerk or the presiding judge; provided, however, that the documents are marked Confidential pursuant to this Order and filed as a document restricted by court order pursuant to D.C.Colo.L.Civ.R. 7.2;

b. The parties, the parties' outside counsel of record, and counsel's partners, associates, paralegals, secretaries, and other office staff who have direct functional responsibility in representing the parties in this matter;

c. Third parties who are engaged to facilitate a mediation or settlement conference or a judge assigned or retained to mediate this litigation;

d. Consultants such as e-vendors and experts retained for the purpose of assisting the parties in preparation and trial of this matter, subject to the restrictions in this Order;

e. Stenographic reporters or videographers who are actively engaged in proceedings that are part of this action;

f. Actual or potential trial or deposition witnesses in this matter, if confidential information is reasonably necessary and related to their anticipated testimony, provided that

they are provided with a copy of this Protective Order and agree to be bound by its terms; or

g. Other persons by written agreement of the Parties.

9. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless as provided for in this Protective Order or authorized to do so by court order.

10. A Party may object to the designation of particular Confidential Information by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the date the notice is received, it shall be the obligation of the Party designating the information as Confidential Information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is filed within fifteen (15) business days after the date the notice is received, the disputed information shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion. If the designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential Information and shall not thereafter be treated as Confidential Information in accordance with this Protective Order. In connection with a motion filed under this provision, the Party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information.

11. Prior to disclosing any Confidential Information to any person listed above in Paragraph 8 (other than counsel and their employees, court personnel, and stenographic reporters) and subject to the exceptions in Paragraph 12, counsel shall provide such person with a copy of this Protective Order and obtain from such person an executed copy of the Acknowledgement of this Protective Order, attached hereto as Exhibit A, which states that he/she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgements shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

12. Confidential Information produced in this Action shall be maintained in the offices of the designating Party. Copies of documents produced under this Protective Order may be made, and litigation exhibits may be prepared by independent copy servicers, printers, or illustrators, without obtaining the acknowledgement required in Paragraph 11, attached as Exhibit A. A party may scan into electronic form any documents produced under this Protective Order and may maintain those documents on a disc, CD, server, database or similar storage device pursuant to the Protective Order. By agreeing to this Paragraph 12, the Parties agree that no party shall be deemed to have waived any objection available to a Party under Fed. R. Civ. P. or the Federal Rules of Evidence about the use, disclosure, relevancy, or admissibility of Confidential Information in this Action.

13. Use of Confidential Information in Court Proceedings: In the event Confidential Information is used in any court filing or proceeding in this action including, but not limited to, its use at trial, it shall not lose its confidential status as between the parties through that use. Confidential Information and pleadings or briefs quoting or discussing Confidential

Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2.

14. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated shall be returned to the designating party, or the parties may elect to destroy designated documents. Where the parties agree to destroy designated documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

15. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

16. Nothing in this Stipulation and Protective Order shall control the Parties' use of documents at trial.

17. Protections under F.R.E. 502(d). Notwithstanding any other provision of this Order, the production of documents by any party, whether or not designated as Confidential Information, will not operate as a waiver of any common law or statutory privilege, protection, or immunity applicable to those documents including, but not limited to, any attorney-client privilege, work product protection, joint or common interest doctrine, information that is subject to protection as trial preparation material, or that is protected from discovery by any other applicable privilege, protection, immunity, law, or rules (collectively "Privileges"). If a Party

discloses, produces, or makes available for inspection and copying information subject to any Privilege ("Disclosed Privileged Information"), the disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of Privilege applicable to the Confidential Information or any related subject matter, in this litigation or in any other court, administrative action, investigation, or legal proceeding.

18. The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertently or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

19. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

20. Disclosed Privileged Information. In the event that any privileged or protected document(s) is produced during discovery in this Action, the Party or non-party claiming the privilege or protection may notify all parties in writing of the inadvertent disclosure and request the return or destruction of such document(s). If a request is made in good faith to return any such inadvertently produced document(s), the Party or non-party(ies) that received the document(s) shall, within five (5) business days of receipt of such request, confirm in writing that it has deleted or otherwise destroyed, or sequestered all copies of the Disclosed Privileged Information, as well as any abstracts, charts, memoranda, notes, summaries, compilations, or indices of same, and provide a representation of counsel that all such information has been returned, destroyed,

sequestered or deleted.

21. To the extent the claim of Privilege is disputed, the Parties shall meet and confer to resolve the dispute, and in the event the dispute cannot be resolved, the Party receiving the information may promptly present the information to the Court, under seal, pursuant to the Local Rules of this Court, and, seek further relief from the Court regarding the claim. The Party claiming the Privilege shall preserve the Disclosed Privileged Information until the claim of Privilege is resolved either by agreement of the Parties or by the Court.

22. The Parties agree that the terms of this Protective Order shall be effective from the date on which it is executed by counsel for the Parties until the Court rules on the Parties' motion for entry of the Protective Order. To the extent that the Court might enter a protective order that differs from the terms and conditions of this Protective Order, such protective order shall supersede this Protective Order upon the date of entry by the Court.

23. In the event that the Parties, their counsel, or any persons who have consented to be bound to the terms of this Protective Order in any way violate the terms or conditions of this Protective Order, said individual shall consent to the jurisdiction of the United States District Court for the District of Colorado, for purpose of any contempt proceedings or any action concerning the assertion of any right to injunctive relief as a result of such violations.

24. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

25. The Court retains jurisdiction during and after final disposition of this Action to

enforce this Protective Order and to make such amendments, modifications, deletions, and/or additions to this Protective Order as the Court may from time to time deem appropriate or as may be requested by the Parties, as permitted by law.

26. This Protective Order may be modified by the Court at any time for good cause shown following notice to the Parties and an opportunity for them to be heard.

SO ORDERED.

DATED this __16__ day of __December__, 2015.

BY THE COURT:

_____
Richard P. Matsch, Senior Judge

SO STIPULATED:

/s/ James N. Thomaidis
James N. Thomaidis
Olayinka L. Hamza
Gersh & Thomaidis, LLC
1860 Blake Street, Suite 400
Denver, CO  80202
**Attorneys for Plaintiff**

/s/ Andrea Glinka Przybysz
Andrea Glinka Przybysz, No. 43296
Tucker Ellis, LLP
Metropoint 1, Suite 1325
4600 S. Ulster Street
Denver, Colorado 80237
Telephone: (720) 897-4400
Email: *andrea.przybysz@tuckerellis.com*

and

/s/ Glenn J. Dickinson
Glenn J. Dickinson
Light Gabler LLP
760 Paseo Camarillo, Suite 300
Camarillo, California 93010
Telephone:  (805) 248-7208
Email:  *gdickinson@lightgablerlaw.com*
**Attorneys for Defendants/Counter-plaintiff**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.1:15-cv-00449-RPM-CBS

SCHMETTER & ASSOCIATES, LLC, a Colorado limited liability company,

 Plaintiff,

v.

BERNZOTT CAPITAL ADVISORS CORPORATION
d/b/a BERNZOTT CAPITAL ADVISORS, a California corporation, and
KEVIN BERNZOTT, an individual,

 Defendants.

---

### ACKNOWLEDGEMENT FOR STIPULATED PROTECTIVE ORDER

---

_____ swears or affirms and status under penalty of perjury:

 1. I have read the Stipulated Protective Order and Confidentiality Agreement (the "Agreement") in this Civil Action, a copy of which is attached to this Acknowledgment for Stipulated Protective Order.

 2. I have been informed by _____, counsel for _____, that materials provided to me and marked as "CONFIDENTIAL" are protected, as specified in the Agreement.

 3. I have not divulged and will not divulge or undertake to divulge to any person or recording device any information identified as CONFIDENTIAL except as authorized in the Agreement. I will not use the information identified as CONFIDENTIAL for any purpose other than as provided in the Agreement and in all respects will abide by the Agreement.

 4. For the purposes of enforcing the terms of the Agreement, I hereby submit myself to the jurisdiction of the United States District Court for the District of Colorado.

Dated: _____    _____
                          Signature

**EXHIBIT A**