IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00449-DDD-SKC
_____

**SCHMETTER & ASSOCIATES, LLC**, a Colorado limited liability company,

    Plaintiff and Counterclaim Defendant;

v.

**BERNZOTT CAPITAL ADVISORS, INC.**, a Texas corporation, f/k/a **BERNZOTT CAPITAL ADVISORS CORPORATION**, a California corporation, d/b/a **BERNZOTT CAPITAL ADVISORS**,

    Defendant and Counter Claimant; and

**KEVIN BERNZOTT**, an individual,

    Defendant.
_____

## PLAINTIFF'S *UNOPPOSED* MOTION FOR LEAVE TO RESTRICT
_____

Plaintiff and Counterclaim Defendant, Schmetter & Associates, LLC (hereinafter "Plaintiff"), by and through undersigned counsel and pursuant to D.C.COLO.L.CIV.R 7.2, files this *Unopposed* Motion for Leave to Restrict Exhibit 12 through Exhibit 22, in Plaintiff's Reply Pretrial Brief, Pursuant to the Court's Order, Dated March 27, 2023, filed on June 6, 2023 [Dkt. No. 379], with the proposed exhibits to be restricted filed in a Notice contemporaneously herewith. In support, Plaintiff states as follows:

**Local Rule 7.1 Certification**: Plaintiff's counsel conferred with counsel for Defendants regarding the contents of this Motion, and the relief Plaintiff seeks is *unopposed*.

1

**GROUNDS FOR MOTION FOR LEAVE TO RESTRICT**

Exhibit 12 through Exhibit 22, in Plaintiff's Reply Pretrial Brief, which Plaintiff now seeks to restrict, contain references to customers of Defendant, Bernzott Capital Advisors Corporation, a California corporation, now known as Bernzott Capital Advisors, Inc., a Texas corporation (hereinafter collectively "Bernzott Capital"), and recitations of Plaintiff's and Defendants' conduct and compensation arrangements in the course of their contractual relationship (*see e.g.* Exhibit 12, at 292:7-293:23, 300:11-122; Exhibit 22, p.1, ¶2), including with respect to certain of Bernzott Capital's customers (*see e.g.* Exhibit 13, at 176:10-25, 326:12-327:25; Exhibit 14, at 36:14-37:10, 37:14-38:9), along with business strategies, investment information and confidential financial information of parties. (*See e.g.* Exhibit 15, p.1; Exhibit 16, p.1-p.11; Exhibit 17, p.1-p.2). These exhibits also often contain confidential investment information of Bernzott Capital's customers (*see e.g.* Exhibit 13, at 326:12-327:25; Exhibit 16, p.1-p.11; Exhibit 17, p.2), and commission amounts Bernzott Capital was paying Plaintiff and customer names and investment balances on which Plaintiff was receiving commissions. (*See e.g.* Exhibit 17, p.1-p.2; Exhibit 20, p.1-p.2).

The exhibits Plaintiff seeks to restrict contain confidential financial and investment information of both parties and non-parties to this case. It is in the public interest that such documents be protected. These parties and non-parties have a right to privacy, and this right should not be unnecessarily compromised in civil litigation. The public also has a general presumption that their right to privacy will not be jeopardized, or unnecessarily encroached upon, in legal matters to which they are not a party. Therefore, the public interest is not served by the loss of confidence in the legal system that will result if, for example, non-parties to a case suffer a loss of privacy when arguments made to the Court utilize documentary evidence that, while relevant, is only tangentially related to them.

Also significant, the exhibits contain personally identifiable information ("PII") of parties and third parties and confidential business records summarizing PII of non-parties, which have been produced in discovery. (*See e.g.* Exhibit 17, p.1-p.2; Exhibit 18, p.1-p.19; Exhibit 20, p.1-p.2). Such confidential information and records must be protected from further disclosure. These records could compromise the right to privacy and expose the disclosed PII to potential misuse by others, or result in injury to business and privacy interests, or both, of the producing parties and third parties if compromised through public dissemination. (*See e.g.* Exhibit 16 p.1-p.11; Exhibit 19, p.1-p.11; Exhibit 21, p.1-p.7). The public interest is also not served by the loss of confidence in the legal system which is likely to result from the unfettered disclosure of parties' and non-parties' PII and confidential business records.

Plaintiff and Defendants have an additional and mutual interest in maintaining these documents as confidential. The parties' counsel executed, and this Court has approved, a Stipulated Confidentiality and Protective Order [Dkt. No. 29], which requires that, to the extent a party wishes to use documents marked as "confidential," or documents known to contain confidential information, in connection with any pleading or brief, they shall seek a court order, issued upon a motion complying with the requirements of D.C.Colo.L.Civ.R 7.2. No alternative such as redaction exists, as doing so would render the documents unusable or, at best, ineffective, with respect to the content and context they are required for this case.

Restricting these exhibits is consistent with both the Stipulated Confidentiality and Protective Order and also general public interest concerns regarding the confidentiality of Plaintiff's, Defendants' and third parties' PII, confidential financial information, and confidential investment information.

WHEREFORE, Plaintiff respectfully requests that the Court order Level 1 restriction for

3

Exhibit 12 through Exhibit 22, in Plaintiff's Reply Pretrial Brief, Pursuant to the Court's Order, Dated March 27, 2023, filed on June 6, 2023 [Dkt. No. 379], along with such further relief as the Court finds just and equitable under the circumstances.

DATED this 9th day of June 2023.

Respectfully submitted,

GERSH & THOMAIDIS, LLC

By:     */s/ James N. Thomaidis*
         James N. Thomaidis, Esq.
         GERSH & THOMAIDIS, LLC
         1860 Blake Street, Suite 610
         Denver, Colorado 80202-1263
         Telephone: (303) 293-2333

         *Attorneys for Plaintiff, Schmetter & Associates, LLC*

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that this pleading complies with the applicable type-volume limitations set forth in District Court Judge Daniel D. Domenico's Practice Standard III.A.1., and the undersigned further certifies that the foregoing pleading complies with the type-volume limitation, containing 738 words.

/s/ James N. Thomaidis
Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of June 2023, a true copy of the foregoing **PLAINTIFF'S *UNOPPOSED* MOTION FOR LEAVE TO RESTRICT**, and Notice to the same, were filed and served via the CM/ECF filing system on the following:

Tanner Walls, Esq.
Moye White, LLP
1400 16th Street, 6th Floor
Denver, Colorado 80202-1486
Telephone: 303 292 2900

*Attorneys for Bernzott Capital Advisors and Kevin Bernzott*

Glenn Joseph Dickinson, Esq.
LightGabler
760 Paseo Camarillo, Suite 300
Camarillo, CA 93010
Telephone: 805-248-7416

*Attorneys for Bernzott Capital Advisors and Kevin Bernzott*

/s/ James N. Thomaidis
Attorney